IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| JAMIE WALLIN, | No. 87526-4-I |
| Appellant, | (consolidated with No. 87527-2-I) |
| v. | |
| SNOHOMISH COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, A.C.J. — Jamie Wallin sued Snohomish County under the Public Records Act (PRA), chapter 42.56 RCW, to compel the production of requested public records and to impose statutory penalties. Wallin appeals the trial court's order dismissing his consolidated lawsuits under CR 12(c). He argues the trial court erred by determining that a permanent injunction issued against him prohibits his lawsuits seeking to compel production of public records. And he argues the court erred by dismissing his request for statutory penalties before ruling on the alleged PRA violations. Because Wallin is enjoined from requesting or receiving public records under the PRA and he failed to sufficiently allege that Snohomish County acted in bad faith when seeking statutory penalties, we affirm the trial court's dismissal and deny costs on appeal.

FACTS

On January 31, 2008, a jury convicted Wallin of two counts of first degree rape of a child and two counts of first degree child molestation. The trial court

sentenced him to life without the possibility of parole.  In December 2017, while incarcerated, Wallin made two public records requests under the PRA.  In one PRA request, he asked the Snohomish County Sheriff's Office (SCSO) to produce "six categories" of records related to its investigation in SCSO case number 06-29187.  He requested, among other things, recorded interviews, evidence logs, and forensic information.  Between December 2017 and May 2022, the SCSO produced 27 installments of records.

In the other PRA request, Wallin asked the SCSO to produce "six categories" of records related to its investigation in SCSO case number S007-08866.  He requested, among other things, medical examination reports, recorded interviews, and Child Protective Services reports.  Between December 2017 and August 2022, the SCSO produced 22 installments of records.

Then, in 2021, Wallin submitted two PRA requests to the Department of Corrections (DOC).  *See Wallin v. Dep't of Corr.*, No. 58968-1-II, slip op. at 2-3 (Wash. Ct. App. Feb. 25, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2058968-1-II%20Unpublished%20Opinion.pdf.  In April 2022, he sued the DOC in the Thurston County Superior Court to compel production of public records under the PRA.  *See id.* at 3.  The DOC counterclaimed, arguing that Wallin made the PRA requests to harass the DOC.  *Id.*  And it asked for injunctive relief against Wallin under RCW 42.56.565.  *Id.*

On May 19, 2023, the Thurston County Superior Court entered a permanent injunction (Injunction) under RCW 42.56.565, barring Wallin "from requesting to inspect, copy, or receive public records pursuant to the PRA from

the [DOC] and other agencies within the meaning of RCW 42.56.010(1) for the duration of his incarceration absent prior approval from the court." It also prohibited Wallin from "receiving any records to any public records requests submitted by him to the [DOC] or any other agency within the meaning of RCW 42.56.010(1), including requests that he has previously submitted to the [DOC] or to other agencies." The court found that Wallin

> has established a pattern of harassing the [DOC] and other public agencies by making public records requests and filing subsequent lawsuits for the purpose of financial gain. This conduct amounts to harassment and abuse of the PRA.

It reasoned that the Injunction "is necessary and appropriate to prevent [him] from continuing to use the PRA to harass the [DOC] and other agencies." Wallin appealed the Injunction to Division Two of this court. *See Wallin*, No. 58968-1-II.

In July and August of 2023, Wallin filed two separate complaints against Snohomish County in the Snohomish County Superior Court.[1] Wallin based both complaints on his 2017 PRA requests and asked the trial court to compel production of the requested records and award him penalties and costs.

On August 1, 2024, Snohomish County moved for judgment on the pleadings under CR 12(b)(6) and (c). It argued that Thurston County Superior Court's Injunction prevents Wallin from obtaining relief under the PRA. On August 16, Wallin responded, arguing that because Snohomish County was not a party to the Thurston County Superior Court lawsuit that gave rise to the Injunction, the Injunction does not bind Snohomish County. On August 20,

---

[1] The parties litigated the cases simultaneously. On September 30, 2024, Wallin moved to consolidate the cases, arguing they were "nearly identical." On October 14, 2024, the trial court granted the motion to consolidate.

Snohomish County filed a certified copy of Wallin's 2008 judgment and sentence to show that he was serving a prison sentence when he made the PRA requests.

The next day on August 21, 2024, the trial court entered an order on Snohomish County's motion for judgment on the pleadings. The court determined that even though Wallin "cannot receive responsive records because of the Permanent Injunction, he could theoretically be entitled to an award of up to $100 per day [for failure to timely produce public records] if he prevailed in a PRA action against Snohomish County." But it recognized that RCW 42.56.565(1) prohibits a court from awarding penalties under RCW 42.56.550(4) to a PRA petitioner serving a prison sentence unless it finds that the agency acted in bad faith. The court gave Wallin time to object to the court taking judicial notice of his judgment and sentence and reserved its ruling until September 13, 2024. On September 6, Wallin objected to the judgment and sentence as "not applicable to this action."

On September 13, 2024, the court granted Snohomish County's motion for judgment on the pleadings. It determined that Wallin failed to state a claim on which the court could grant relief because he is "barred from using the [PRA] per the Prisoner Injunction." On September 27, Wallin moved for reconsideration. He argued that the court erred by dismissing the case because the Injunction did not apply and further proceedings were necessary. The trial court denied Wallin's motion for reconsideration.

On February 25, 2025, Division Two affirmed the Injunction against Wallin. *Wallin*, No. 58968-1-II, slip op. at 21. It held that the trial court did not err by

4

entering the Injunction "because DOC showed by a preponderance of the evidence that Wallin had submitted PRA requests with the intent to harass the agency and make a profit from subsequent PRA litigation." *Id.* at 2.

Wallin appeals from the order dismissing his Snohomish County consolidated lawsuits.

ANALYSIS

Wallin argues the trial court erred by dismissing his claims seeking to compel production of public records because the Injunction issued by Thurston County Superior Court does not apply to his Snohomish County lawsuits. He also argues the court erred by dismissing his request for statutory penalties before he could prove that Snohomish County acted in bad faith. And he requests costs on appeal. We address each argument in turn.

1. Dismissal

We review a CR 12(c) dismissal de novo. *Zurich Servs. Corp. v. Gene Mace Constr., LLC*, 26 Wn. App. 2d 10, 19, 526 P.3d 46 (2023). The purpose of a CR 12(c) motion is to determine whether a plaintiff can prove any set of facts justifying relief. *Id.* We accept all factual allegations in the complaint as true. *Id.* at 20. And "we grant the plaintiff the benefit of all reasonable inferences from the factual allegations in the complaint, as well as hypothetical facts consistent with the complaint." *Id.*

A.  Claims Seeking to Compel Production of Public Records

Wallin argues the Injunction does not prohibit his claims because it did not bind Snohomish County under CR 65(d) and because Thurston County Superior Court did not have jurisdiction over Snohomish County.  We disagree.

The PRA "is a strongly worded mandate for broad disclosure of public records."  *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 714, 261 P.3d 119 (2011).  Its purpose is "to increase governmental transparency and accountability by making public records accessible to Washington's citizens."  *West v. City of Tacoma,* 12 Wn. App. 2d 45, 70, 456 P.3d 894 (2020).  And we "liberally construe the PRA to promote the public interest."  *Id.*

Still, under certain circumstances, a trial court can issue PRA injunctions against people serving criminal sentences.  *See* RCW 42.56.565.  Under RCW 42.56.565(2), a court may enjoin "[t]he inspection or copying of any nonexempt public record by persons serving criminal sentences in state, local, or privately operated correctional facilities."  To issue an injunction, the court must find:

> (i) The request was made to harass or intimidate the agency or its employees;
> (ii) Fulfilling the request would likely threaten the security of correctional facilities;
> (iii) Fulfilling the request would likely threaten the safety or security of staff, inmates, family members of staff, family members of other inmates, or any other person; or
> (iv) Fulfilling the request may assist criminal activity.

RCW 42.56.565(2)(c).  If the court makes one of those findings by a preponderance of the evidence, it may enjoin "all or any part of a request or

requests" and "future requests by . . . [t]he same requestor."  RCW 42.56.565(4)(a).

Here, the Thurston County Superior Court found that Wallin made his PRA requests to harass agencies and entered the Injunction under RCW 42.56.565(2)(c)(i), (ii), and (iv).  The Injunction barred Wallin "from requesting to inspect, copy, or receive public records pursuant to the PRA from the [DOC] and other agencies within the meaning of RCW 42.56.010(1) for the duration of his incarceration absent prior approval from the court."  It also prohibited Wallin from "receiving any records to any public records requests submitted by him to the [DOC] or any other agency within the meaning of RCW 42.56.010(1), including requests that he has previously submitted to the [DOC] or to other agencies."  RCW 42.56.010(1) defines an "agency" as including "all state agencies and all local agencies."  And a "local agency" includes "every county."  *Id.*

Under the plain language of the Injunction, Wallin is barred from requesting or receiving any public records from an agency without the court's permission.  And Snohomish County is an agency under RCW 42.56.010(1).  So, Wallin cannot receive any records from Snohomish County under the PRA without court approval.  As a result, he fails to state a PRA claim against Snohomish County "to compel disclosure and production of unlawfully withheld public records and information."

Still, Wallin relies on CR 65(d) to argue that the Injunction does not apply here because it does not bind Snohomish County.  But whether the Injunction binds Snohomish County is immaterial.  CR 65(d) provides that an injunction is

binding on, among others, "the parties to the action." Wallin was a party to the action in which Thurston County entered the Injunction that prevents him from requesting or receiving records under the PRA. So, the Injunction is binding on him and prohibits his claims here.

Similarly, Wallin asserts that the Injunction does not apply because Thurston County Superior Court did not have personal jurisdiction over Snohomish County. But again, the Injunction need not bind Snohomish County. It is enough that the Injunction binds Wallin and prohibits him from receiving public records without the court's prior approval.[2] For that reason, Wallin's PRA claims seeking to compel production of "unlawfully withheld public records" fail.

B. Claims Seeking Statutory Penalties

Wallin also argues that even if the Injunction prevented him from obtaining the requested public records, it did not prevent him from obtaining penalties under the PRA. He contends the court erred by dismissing the case before he could prove that Snohomish County acted in bad faith. We disagree.

Whether an agency acted in bad faith under the PRA is a mixed question of law and fact, requiring the application of legal principles (the definition of "bad faith") to factual circumstances (the details of the PRA violation). *Faulkner v. Dep't of Corr.*, 183 Wn. App. 93, 101-02, 332 P.3d 1136 (2014). Under RCW 42.56.565(1), a court shall not

> award penalties under RCW 42.56.550(4) to a person who was serving a criminal sentence in a state, local, or privately operated correctional facility on the date the request for public records was

---

[2] Wallin does not challenge that Thurston County Superior Court had personal jurisdiction over him.

8

made, unless the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record.

"Bad faith" in the context of PRA penalties has been associated with "the most culpable acts by an agency," like when an agency acts "unreasonably with utter indifference to the purpose of the PRA." *Faulkner*, 183 Wn. App. at 105.

Here, Wallin failed to allege any facts in his complaint showing bad faith. He alleged that Snohomish County unjustifiably responded to his requests late, made overbroad and improper redactions, and failed to follow certain policies. Then he broadly asserted that Snohomish County's "action and/or inaction" described in those allegations amounts to its "bad faith in denying . . . Wallin the opportunity to inspect and copy a public record." Even accepting all his factual allegations as true, none amount to bad faith under RCW 42.56.565(1).

The trial court did not err by dismissing Wallin's claims under CR 12(c).[3]

2. Costs on Appeal

Wallin also argues he is entitled to costs on appeal under RCW 42.56.550(4) and RAP 14.2 as the "prevailing party."[4] Under RCW 42.56.550(4),

[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs.

And RAP 14.2 provides that we may award costs "to the party that substantially prevails on review." Because Wallin is not the prevailing party, we deny his

---

[3] Wallin also argues the trial court abused its discretion by denying his motion for reconsideration. Because the trial court did not err by dismissing his lawsuit, it also did not err by denying reconsideration.

[4] Wallin cites RAP 14.1 but we presume this was a typographical error.

request for costs.

We affirm the trial court's dismissal of Wallin's claims and deny costs on appeal.

_____, ACJ

WE CONCUR:

_____          _____
Feldman, J.                       Díaz, J.

10